**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on June 10, 2008, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: June 10, 2008**

_____
**Arthur I. Harris
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: ) ) NICHOLAS G. AND DYAN L. ) MYLES, ) Debtors. ) ) NICHOLAS G. AND DYAN L. ) MYLES, ) Plaintiffs, ) ) v. ) ) PROGRESS ENERGY FLORIDA, ) INC., ) Defendant. ) | Case No. 07-18051 Chapter 7 Adversary Proceeding No. 08-1053 Judge Arthur I. Harris |

MEMORANDUM OF OPINION[1]

On February 18, 2008, the debtors filed the above-captioned adversary

proceeding against Progress Energy Florida, Inc. ("Progress Energy"). The debtors

seek actual costs and punitive damages for allegedly willful violations of the

---

[1] This Opinion is not intended for official publication.

automatic stay pursuant to 11 U.S.C.§ 362(a)(3) and (6). On April 2, 2008, the debtors filed a Motion for Default Judgment pursuant to Fed. R. Bankr. P. 7055 and Fed. R. Civ. P. 55, based on Progress Energy's failure to answer or otherwise respond to the adversary complaint. (Docket #8).

For the reasons that follow, the debtors are entitled to recover their actual costs. To show their actual costs their counsel is required to file a supplement to the Motion for Default Judgment in the form of a fee application setting forth the reasonable costs of his attempts to stop the violations of the stay. The Motion for Default Judgment will be held in abeyance to give counsel an opportunity to file the supplement. Only actual damages will be awarded. Punitive damages are not warranted in this case.

## BACKGROUND

The debtors filed their chapter 7 bankruptcy petition on October 22, 2007. Progress Energy was duly scheduled and noticed on the petition as an unsecured creditor. On October 25, 2007, service was completed by first class mail to Progress Energy at its listed post office box in St. Petersburg, Florida. Despite being served a notice of filing, Progress Energy sent two collection letters dated December 18, 2007,[2] for services rendered prior to October 22, 2007, in two

---

[2] Attached to the Complaint as "Exhibit C." Even though the bills were addressed to the debtor-husband at "1430 SOM Center Road, Unit 1, Mayfield Hts., OH, 44124," and the debtors' home address was listed as "823 Beech Hill

apartment units in Florida in the account name of "Nicholas G. Myles." On January 18, 2008, Progress Energy mailed two more collection letters[3] for the same accounts. On January 28, 2008, the debtors printed an account history[4] from Progress Energy's website for both accounts which reflected that the collection letters were for services rendered mostly prior to the petition filing. In their Complaint, the debtors sought "actual damages . . . [for] reasonable legal costs of the Debtor(s) and punitive damages of $10,000 to the Debtor(s) for willful violations."

Progress Energy did not file an answer to the complaint or otherwise respond resulting in the debtors' filing of the motion for default judgment. In their motion, the debtors seek damages "in the amount of $10,920.00 ($920.00 for reasonable attorney fees and $10,000.00 for punitive damages.)".

## DISCUSSION

### A. DEFAULT JUDGMENT

Bankruptcy Rule 7055 incorporates Fed. R. Civ. P. 55 into adversary proceedings. The debtors' motion for default judgment is governed by Fed. R.

---

Rd., Mayfield Village, OH 44143," the Court finds that sufficient notice was sent to Progress Energy for it to identify Nicholas G. Myles as its customer.

[3] Attached to the Complaint as "Exhibit D."

[4] Attached to the Complaint as "Exhibit E."

Civ. P. 55(b)(2) and relevant case law. Although a defaulting defendant is deemed to admit every well-pleaded allegation in the complaint, 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2688 at 58-59 (3d ed. 1998), the court is required to make an independent determination of the relief to be awarded unless the amount of damages is certain. *Id.* "Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 110 (6th Cir. 1995).

In ruling on a motion for a default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment. *Id.* When the damages cannot be calculated with relative simplicity, however, the court may seek more information by directing an accounting or ordering an evidentiary hearing. *Id. See generally* 10A Wright, Miller & Kane § 2688 at 63; *KPS & Assoc. Inc. v. Designs by FMC, Inc.,* 318 F.3d 1, 17-21 (1st Cir. 2003); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105,111 (2d Cir. 1997).

## B. ACTUAL DAMAGES PURSUANT TO 11 U.S.C. § 362

In this case the debtors seek actual damages in the form of $920.00 in attorney's fees. An award of actual damages is mandatory under § 362(k) when a violation of the automatic stay is found to be willful. *In re Bivens*, 324 B.R. 39, 42 (Bankr. N.D. Ohio 2004). *See also In re Johnson*, 253 B.R. 857, 861 (Bankr. S.D.

Ohio 2000). As used in § 362(k), "willful" does not require any specific intent. *Bivens*, 324 B.R. at 42, *see also Fleet Mortgage Group Inc. v. Kaneb*, 196 F.3d 265, 269 (1st Cir. 1999). "A willful violation occurs when the creditor knows of the bankruptcy filing, and the behavior which violates the stay is intentional." *Price v. Pediatric Acad. Assoc. Inc.,* 175 B.R. 219, 221 (S.D. Ohio 1994).

Although the award of damages is mandatory, the damages should also be reasonable and, when considering an award of attorney fees, should bear a reasonable relationship to the amount in controversy. *Harris v. Memorial Hospital (In re Harris)*, 374 B.R. 611, 616 (Bankr. N.D. Ohio 2007). "Significant awards of attorney fees are rarely appropriate where the debtor has no other damages besides the attorney fees." *Id.*

Costs and attorney's fees are regularly awarded as actual damages for willful violations of the stay, but those costs and fees must be supported by evidence rather than speculation and conjecture. *Archer v. Home County Bank,* 853 F.2d 497, 499 (6th Cir. 1988). "The Court should closely scrutinize the fees requested by attorneys for unnecessary and excessive charges." *Price*, 175 B.R. at 221, *see also Matter of Liberal Market, Inc.*, 24 B.R. 653, 658 (Bankr. S.D. Ohio 1982). Reasonable fees may be limited to the cost of writing a letter where the letter is all that would be needed to stop the activity and there is no evidence of bad faith conduct by the creditor. *In re Price,* 179 B.R. 70, 73 (Bankr. S.D. Ohio 1995);

*Harris*, 374 B.R. at 618.

In *Price* the bankruptcy court had awarded actual damages but denied fees on the ground that the creditors should have been contacted in an attempt to resolve the matter without litigation. The case was appealed and the District Court reversed and remanded, finding that it was improper to impose a blanket rule requiring notification of creditors to attempt to resolve stay violations prior to seeking damages. *Price v. Pediatric Acad. Assoc. Inc. (In re Price),* 175 B.R. 219 (S.D. Ohio 1994). The Court went on to state that "courts should presume the filing of the contempt motion was necessary" when considering the reasonableness of fees in responding to a willful violation, but that the presumption would not always be valid, especially in "rare cases" where certain factors were established. *Id.* at 222.

On remand, the bankruptcy court reiterated the District Court's three factors to be considered when deciding the award of damages in those rare cases: "whether the injury caused and damages occurred, other than attorney fees, only amount to the cost of appearing in court to litigate the contempt motion; whether the burden of requiring the Debtor's attorney to notify the Creditor of the violations is insignificant, and whether the offending Creditor acted in bad faith." *In re Price*, 179 B.R. 70, 71 (Bankr. S.D. Ohio 1995).

This case is similar to *Price*. In this case, the costs appear to amount to the costs of filing the adversary proceeding and the motion for default judgment; the

burden on the attorney to notify the creditor, prior to filing the adversary proceeding, was insignificant; and there was no bad faith alleged on the part of Progress Energy. There is no evidence in the pleadings that the debtors' attorney made any attempt to contact Progress Energy before filing his Complaint. The debtors' bankruptcy filing was made in October. Progress Energy sent bills to the debtors in December, 2007, and January, 2008. The Complaint was filed on February 18, 2008, with a demand for $10,000.00 in punitive damages. The Motion for Default Judgment was filed on April 2, 2008, with a demand for attorney's fees in the amount of $920.00 and a reiteration of the punitive damages demand of $10,000.00. There was no attachment to either the Complaint or the Motion for Default Judgment which enumerated the debtors' attorney's hourly rate or the time spent in filing the Complaint and other filings. The attorney fees appear to be for the costs of the adversary proceeding filing, the filing of the Motion for Default Judgment and the gathering of the evidence for the pleadings.

However, pursuant to § 362(k), the debtors are entitled to attorney's fees sufficient to cover costs which would have been incurred if the matter had been resolved in a non-litigious manner, the debtors' attorney will be required to file a supplement to his Motion for Default Judgment which shall be in the form of a fee application. The supplement shall set forth the reasonable costs incurred to stop the violations of the stay and state what attempts were made, if any, to contact

Progress Energy before filing the adversary proceeding.

## C. PUNITIVE DAMAGES

Punitive damages will only be awarded under the statute in "appropriate circumstances." 11 U.S.C. § 362(k). In *Bivens* the court indicated that the imposition of punitive damages is not an action to be taken lightly. *Bivens,* 324 B.R. at 42. Cases in which punitive damages have been awarded usually involve conduct which is egregious, vindictive, or intentionally malicious. *Id.; see also In re Clayton*, 235 B.R. 801, 811 (Bankr. M.D.N.C. 1998).

There is no explanation for the large punitive damages demand in the debtors' filings, and they introduced no evidence of egregious, vindictive or intentionally malicious behavior on the part of Progress Energy. Therefore, no punitive damages will be awarded.

## CONCLUSION

For the reasons stated above, the debtors are entitled to recover their actual damages. To show their actual costs their counsel is required to file a supplement to the Motion for Default Judgment in the form of a fee application setting forth the reasonable costs of his attempts to stop the violations of the stay. The Motion for Default Judgment will be held in abeyance to give counsel an opportunity to file the supplement. In the supplement counsel shall set forth the reasonable fees incurred to stop the violations of the automatic stay pursuant to § 362(k) and state

attempts, if any, made to stop the violations of the stay prior to filing the adversary proceeding. Only actual damages will be awarded. No punitive damages are warranted in this case.

    IT IS SO ORDERED.